GEORGE J. ROARK, City Manager of the City of Pensacola, T. C. FINCH, Comptroller of said City, et al., *Plaintiffs in Error,* vs. THE STATE OF FLORIDA, ex rel. W. L. WATERS, *Defendant in Error.*

145 So. 867.

Opinion filed January-9, 1933.

Petition for rehearing denied February 7, 1933.

*J. J. Sullivan,* for Plaintiffs in Error;

*John M. Coe,* for Defendant in Error.

BUFORD, C.J.—Defendant in error procured alternative writ of mandamus in the Circuit Court of Escambia County, in which it was ordered:

"That the Respondent George J. Roark do cause the Relator W. L. Waters to be reinstated in his employment as watchman in the service of the City of Pensacola as of Sept. 21, 1931, and do cause to be paid to him his compensation as such watchman and that the respondent T. C. Finch as Comptroller do issue a warrant on the City Treasury for compensation due to said W. L. Waters at the rate prescribed by law for his rank and grade of employment as above set forth covering the period from Sept. 21, 1931, to the date of his reinstatement as commanded by this writ and that the respondent George J. Roark do countersign the same; and that the respondents Al James, C. A.

Weis and W. B. James, do cause the name of W. L. Waters to be included in the list of persons in the classified service of the City showing in connection with his name, position held, salary and wages paid the date and character of his appointment as hereinbefore set forth or that they show cause by the 15th day of March A. D. 1932 why they have not obeyed this writ.''

The writ was amended so that it alleged:

''That your relator is a citizen and resident of the City of Pensacola, Escambia County, Florida, over the age of 21 years and heretofore towit on October 12, 1929, entered the service of the City of Pensacola as a night watchman having theretofore been in the service of the said City as a patrolman on the police force and from said date remained continuously in the service of the said city in said position of watchman as an employee subordinate to the Chief of Police of the City of Pensacola until September 21, 1931, at a salary of $100.00 per month and thereby became entitled under the provisions of Section 90 and Section 90½ of Chapter 15425 Laws of Florida, to retain said position until discharged, reduced, promoted or transferred in accordance with the provisions of the said chapter.''

Return was made to the original writ and also to the amended writ. Testimony was taken and peremptory writ issued following the commands of the alternative writ.

Chapter 15425, Special Acts of 1931, is the Legislative Charter of the City of Pensacola. Chapter 15427 is an Act to supplement the charter of the City of Pensacola. Section 90½ of Chapter 15425 provides as follows:

''All persons not provided for in section 90 holding positions in the city pursuant to appointment from eligible lists, or who have been continuously in the service of the city in the same position for one year preceding the adoption of this charter, shall retain their position until discharged, reduced, promoted or

transferred in accordance with the provisions of this charter. Employees of any public utility at the time of its acquisition, shall be deemed to hold their positions as though appointed under the Civil Service provisions of this Charter; but vacancies thereafter occurring in such service shall be filled from eligible lists in the manner herein provided. That all employees of the City who may have been discharged, demoted, reduced or suspended between the enactment of this charter by the Legislature of the State of Florida and the installation of the officers and government provided for in this Act, shall be entitled to have the case reviewed by the Board of Civil Service de novo and the said Board of Civil Service shall have the right and authority to set aside any action in said cause and reinstate said employee to his employment and/or office.''

The return of the respondents contained the following averments:

"These respondents deny that the relator from October 12, 1929, remained continuously in the service of the said City in said position of watchman as an employee subordinate to the Chief of Police of the City of Pensacola until September 21, 1931.

Respondents aver that on October 12, 1929, when the relator entered the service of the Municipal Dock as Watchman in the department of Commissioner Langford, Commissioner of Streets and Public Works, he ceased to be a member of the Police Force or subordinate to the Chief of Police of the City of Pensacola, by having his name removed from the Police pay roll and not being subject to the orders of the Chief of Police of the City of Pensacola.

The respondents further aver that on April 1st, 1931, the relator was not a member of the Police department nor an employee subordinate to the Chief of Police of the City of Pensacola.

Respondents further aver that prior to the adoption of the City Charter on July 21st, 1931, the relator was dismissed and discharged on July 1st, 1931, from the position of watchman on the Municipal Dock under

the Commissioner of Streets and Public Works, and that on July 1st, 1931, he was given temporary employment in a new position, as watchman at Bay View Park under Commissioner Bayliss, Commissioner of Finance and Revenue.''

Testimony was taken before the Court and it was conflicting. The Circuit Judge apparently resolved the conflicts in favor of the relator and there is substantial evidence to support his judgment.

There is no contention that the relator was discharged in accordance with the provisions of Chapter 15425 applicable to persons coming within the purview of section 90½ of said chapter. The contention is that the relator did not come within the purview of that section of the Charter Act.

Chapter 15427 created a Board of Civil Service Commissioners and provided that all members of the fire department, police department and certain employees of the street and sewer department and water department of the City of Pensacola shall become members of the Civil Service, etc. Section 14 of that Act provides as follows:

''All officers and persons employed on April 1, 1931, in the Fire Department, Police Department and the following officers and employees of the Street and Sewer Department and of the Water Department, to-wit: Superintendent of the Street Department, Foreman of the Sewer Department, Foreman of Street Labor Gang, Superintendent of the Water Department, carpenter, stableman, watchman, four laborers in street repair gang, seven laborers in sewer department, thirty-five laborers in street gang and all employees of the Water Department subordinate in rank to the superintendent of said department, are hereby declared to be members of the Civil Service of the City of Pensacola and are subject to the rules and regulations of the Board of Civil Service Commissioners, but shall not be required to stand any exam-

ination, physical and/or mental except for the purpose of promotion."

Section 25 of the Act provides as follows:

"All persons who are members of the Civil Service by reason of the provisions of sections fourteen, fifteen and sixteen or may hereafter become members of the Civil Service shall hold their office or employment during good behavior unless reduced, discharged or suspended in accordance with sections twenty-six or twenty-seven, twenty-nine or thirty; and no office, rank or employment provided for in sections fourteen, fifteen and sixteen of this Act shall be abolished during the term of an incumbent holding said office or employment by reason of sections fourteen, fifteen and sixteen of this Act: that all persons who may hereafter become members of the Civil Service and who may be promoted under the rules of the Board of the Civil Service Commissioner shall hold their office and/or employment during good behavior unless reduced, discharged or suspended in accordance with sections twenty-four, twenty-six or twenty seven."

Sections 26 and 27 of the Act provide the method for the discharge or demotion of persons subject to the Civil Service and provide for seniority in the right of employment and promotion.

We find the record sufficient to sustain the judgment of the Circuit Court which was necessarily based upon the finding that the Relator was entitled to the status of a member of the Civil Service as provided in section 14 of chapter 15427, Acts of 1931, and came within the purview of section 90½ of chapter 15425.

Therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.