GEORGE J. ROARK, as City Manager of Pensacola, *et al.*,
v. STATE, *ex rel.* F. P. MCDANIEL.

165 So. 901.
Division B.
Opinion Filed February 20, 1936.
Rehearing Denied March 14, 1936.

844 ·

*Ernest E. Mason* and *William Fisher,* for Plaintiffs in Error;

*Coe & McLane,* for Defendant in Error.

BUFORD, J.—The writ of error here brings for review judgment awarding peremptory writ of mandamus. The command of the writ is:

"It Is THEREFORE ORDERED that the respondent, George J. Roark, as City Manager of the City of Pensacola, do cause the relator to be reinstated in his employment as motorcycle officer in the service of the City of Pensacola upon the police force thereof as of February 7, 1935, and do cause to be paid to him his compensation as such employee and that the said J. E. Frenkel, as Clerk-Comptroller of the City of Pensacola do issue warrant upon the City Treasury for compensation to relator at the rate prescribed by law for his rank and grade of employment, to-wit, the sum of $147.50 per month, covering the period from February 7, 1935, to date of his reinstatement, and that the said George J. Roark do countersign the same, or that they and each of them do make return hereto showing their compliance with the commands herein, to this court on the 3rd day of August, A. D. 1935."

The record shows relator, defendant in error here, was appointed motorcycle officer on the police force of the City of Pensacola, January 8th, 1932. That he was so appointed from an "eligible" Civil Service list, the existence of which is provided for by the City Charter. He was removed from

his office or employment on February 7th, 1935. without trial. The alternative writ of mandamus was issued July 1st, 1935.

We do not find that the relator was barred by *laches*. That mandamus is the proper remedy to be invoked in such case is well settled. See Roark, City Manager, v. State, *ex rel.* Waters, 107 Fla. 659, 145 Sou. 867. As to *laches*, see Shelby v. City of Pensacola, 112 Fla. 584, 151 Sou. 53, and cases there cited.

The controlling question presented for our determination is:

"Was relator removed from the position of motorcycle officer of the police force in a lawful manner so as to effectuate his discharge from such police force?"

The Charter Act is Chapter 15,425, Special Acts of 1931. Sections 15, 16, 27, 80, the first paragraph of Section 90, paragraph (g) of Section 90 and Section 90½ are as follows:

"Section 15. RESPONSIBILITY OF MANAGER—POWERS OF APPOINTMENT AND REMOVAL.—The City Manager shall be responsible to the council for the proper administration of all affairs of the city placed in his charge, and to that end, subject to the civil service provisions of this charter and except as otherwise provided herein, he shall have the power to appoint and remove all officers and employees in the administrative service of the city; and the manager may authorize the head of a department or office responsible to him to appoint and remove, with the same limitations, subordinates in such department or office. Appointments made by or under the authority of the city manager shall be on the basis of the executive and administrative ability and of the training and experience of such appointee in the work which they are to perform. All such appointments shall

be without definite term unless for temporary service not to exceed sixty (60) days."

"Section 16. REMOVAL OF OFFICERS AND EMPLOYEES.— Officers and employees appointed by the city manager, or under his authorization, may be removed by him, or by the officer by whom appointed, at any time. In case the employee is a member of the Civil Service by reason of Section 90, the procedure for removal shall be as provided in Section 90 of this charter. All other employees who are members of the Classified Civil Service shall be removed as provided in Section 80 of this charter and the decisions under the provision of such section final."

"Section 27. SUSPENSION AND REMOVAL OF CHIEF OF POLICE, FIRE CHIEF, POLICEMEN AND FIREMEN.—The city manager shall have the exclusive right to suspend the chief of police and fire chief for incompetence, neglect of duty, immorality, drunkenness, failure to obey orders, given by proper authority, or for any other just or reasonable cause. If either of such chiefs be so suspended the city manager shall forthwith certify the fact, together with the cause of suspension, to the council, who within five (5) days from the date of receipt of such notice, shall proceed to hear such charges and render judgment thereon, which judgment shall be final. Provided, however, that such removal from the office of chief of police or fire chief shall not have the effect of discharging the said person from the classified civil service unless a trial is had in accordance with the provisions of Section 80 of this Act.

"The chief of police and fire chief shall have the right and power to suspend any of the officers and employees in their respective divisions who may be under their control and management for incompetence, neglect of duty, immorality, drunkenness, failure to obey orders given by

proper authority, or for any just or reasonable cause. If any officer or employee be suspended as herein provided the chief of the division concerned shall forthwith in writing certify the fact together with the cause of suspension to the director of public safety. The latter shall refer it immediately to the director of civil service who five (5) days from the receipt of such communication shall summons the civil service board to convene and hear such charges, and render judgment, which judgment shall be final."

"Section 80. REMOVALS.—Any officer or employee of the City appointed by the manager, or upon his authorization, may be laid off, suspended or removed from office or employment either by the manager or the officer by whom appointed. Verbal or written notice of lay-off, suspension or removal given to an officer or employee, or written notice left at or mailed to his usual place of residence, shall be sufficient to put any lay-off, suspension or removal into effect unless the person notified shall within five (5) days after such notice, demand a written statement of the reasons therefor and right to be heard before the civil service board. Upon such demand the officer making the lay-off, suspension or removal shall supply the person notified thereof and the civil service board with a written statement of the reasons therefor and the civil service board shall fix a time and place for the public hearing. Following the public hearing and such investigations as the civil service board may see fit to make, the board shall report its findings and recommendation to the city manager and the authority responsible for the lay-off, suspension or removal as specified in the notice. Thereupon the authority making the lay-off, suspension or removal shall make such disposition of the matter as, in his opinion, the good of the service may require. The decision of the manager or other appointing

authority in any case shall be final. A copy of the written statement or reasons given for any lay-off, suspension or removal, and a copy of any written reply thereto by the officer or employee involved, together with a copy of the decision of the manager or other authority, shall be filed as a public record in the office of the department of civil service. That this section shall not apply to officers and employees and members of the civil service provided for in Section 90 of this Act."

"Section 90. PRESENT EMPLOYEES RETAINED.—The chief of police, chief of fire department and all officers and employees subordinate thereto who held such office or employment on April 1, 1931, and the following officers and employees of the street and sewer department, to-wit: Superintendent of the street department, Foreman of sewer department, Foreman of street labor gang, Carpenter, Stableman, Watchman, four regular laborers in the street repair gang, seven regular laborers in the sewer department, thirty-five regular laborers in the street gang, and all employees of the Water department subordinate in rank to the Superintendent thereof, who held such office or employment on April 1, 1931, are hereby declared to be members of the Civil Service of the City of Pensacola and are subject to the rules and regulation of the Board of Civil Service but shall not be required to stand any examination, physical and/or mental, except for the purpose of promotion. * * *

"Paragraph G of Section 90. That no officer or employee of the Civil Service provided for in paragraph (A) of this section, appointed, employed, promoted, or confirmed under the terms and provisions of this section, except as is otherwise provided in this section of this Act, shall be removed, suspended, demoted, reduced, fined or discharged; except for cause shown or written charges for misconduct or vio-

lation of laws or rules of the Civil Service and after opportunity to be heard in his own defense by himself and council and the findings and decisions of the Board of Civil Service shall be certified to the director of the proper division and shall be enforced by said director of the City Manager. The Chief of Police, Chief of the Fire Division, Superintendent of the Street Division and Superintendent of the Water Department may suspend a subordinate for a reasonable period not to exceed thirty days and his action in said suspension shall be reported to the Board of Civil Service Commissioners within five (5) days and upon application in writing of the person so suspended the Board of Civil Service Commissioners shall investigate said suspension and in event they find the same was unwarranted and without cause they shall certify their findings to the Director of the proper department and the said person suspended shall receive compensation for the time for which he was suspended. This section shall not apply in event of excessive employment as provided in paragraph E of this section."

"Section 90½. All persons not provided for in Section 90 holding positions in the city pursuant to appointment from eligible lists, or who have been continuously in the service of the city in the same position for one year preceding the adoption of this charter, shall retain their positions until discharged, reduced, promoted or transferred in accordance with the provisions of this charter. Employees of any public utility at the time of its acquisition shall be deemed to hold their positions as though appointed under the Civil Service provisions of this charter; but vacancies thereafter occurring in such service shall be filled from eligible lists in the manner herein provided. That all employees of the city who may have been discharged, de-

moted, reduced or suspended between the enactment of this charter by the Legislature of the State of Florida and the installation of the officers and government provided for in this Act, shall be entitled to have the case reviewed by the Board of Civil Service *de novo* and the said Board of Civil Service shall have the right and authority to set aside any action in said cause and reinstate said employee to his employment and/or office."

It is the contention of the plaintiffs in error that the motorcycle officer was lawfully removed from his office by the city manager under provisions of Section 80 above quoted.

The defendant in error contends that he could be removed only by the proceedings provided for in Section 27, or by those provided for in Section 90 of the ordinance.

As we construe the Act, Section 27 does not authorize the Chief of Police or Chief of the Fire Department to remove officers and employees in their respective divisions who may be under their control and management, but it only authorizes them to suspend such officers for the misconduct named in that section, these suspensions to be in the way of penalties for misconduct.

As we construe the Act, the city manager is not vested with power to discharge at will those who come within the civil service provisions of the Act. The civil service provisions would lose all efficacy and merit if regardless of civil service status an officer could be discharged at will by the city manager. It is our construction that those persons who were on the eligible lists at the time the Act was passed and who were thereafter appointed to office from the civil service eligible lists, upon being so employed took the status of the civil service employees described in Sec-

tion 90 of the Act and that they may be removed from office only by the same procedure which is prescribed for the removal of those who were declared to have civil service status as employees at the time the Act was passed.

The defendant in error, relator in the court below, is shown to have occupied that status and he was not removed in accordance with the provisions of the charter applicable thereto.

The judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.