R. H. NOEL, as Chief of Police of the City of St. Petersburg; E. E. LIPHARD, as Captain of Detectives for the City of St. Petersburg; CITY OF ST. PETERSBURG, A. F. THOMASSON, as City Manager, and GLEN V. LELAND, as Director of Finance of said City, v. STATE, *ex rel.* JOHN S. SIERS.

170 So. 114.

Division A.

Opinion Filed September 23, 1936.

Rehearing Denied Oct. 31, 1936.

*Carroll R. Runyon* and *Hardee & Martin,* for Plaintiffs in Error;

*Erle B. Askew, Osmond R. Bie* and *Lambdin & Ramseur,* for Defendant in Error.

BROWN, J.—This is an appeal from an order for the issuance of a peremptory writ of mandamus commanding the restoration of the relator to the Detective Division of the Police Department of the City of St. Petersburg and the restoration of his pay as such detective. This order was made after final hearing on pleadings and evidence.

There is very little controversy as to the essential facts. The relator held the rank and grade and drew the salary of a detective in the police department of the respondent City at the time of the passage and approval, and ratification by vote of the qualified electors of said city, of Chapter 15515 of the Acts of 1931 (Vol. 2, Special Acts of 1931, p. 1731), known as the St. Petersburg Civil Service Law. The controlling question on this appeal, as raised by the pleadings and proof and the order of the trial court, is: Could the captain of detectives, with the approval of the chief of police, after said Act became effective, legally demote said police officer to the rank and grade of a first-class patrolman and reduce his pay $10.00 per month, without serving him a copy of a notice specifying the reason for his demotion, or without giving him an opportunity

to make and file an explanation as to the supposed ground for demotion, or without giving him an opportunity to be heard as to the charge against him? This question was answered in the negative by the Circuit Judge.

The question is also raised as to whether mandamus was available as a remedy under the facts of this case. The lower court held that it was.

Construing the pertinent provisions of said Chapter 15515 as applied to the facts of this case, our conclusion is that the order of the Circuit Court should be sustained upon the authority of the holdings in the following cases: State, ex rel. Tullidge v. Hollingsworth, et al., 103 Fla. 801, 138 So. 372; Bryan v. Landis, Atty. Gen'l., ex rel. Reeve, 106 Fla. 19, 142 So. 650; Roark, et al., v. State, ex rel. Waters, 107 Fla. 659, 145 So. 867; State, ex rel. Williams, v. Whitman, et al., 116 Fla. 196, 150 So. 136, 156 So. 705; Roark v. State, ex rel. McDaniel, 122 Fla. 843, 165 So. 901; State, ex rel. Allen, v. Rose, 123 Fla. 544, 167 So. 21.

Affirmed.

ELLIS, P. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

DAVIS, J. (concurring).—The record in this case shows that the responsible officials of the City reduced Siers, defendant in error, from the grade of detective sergeant to the ultimate position of "dog catcher" in the department of safety. It requires little judicial imagination to perceive in such course of action a scheme to so humiliate the reduced officer as to amount to his practical discharge without cause in violation of the intent of the Civil Service provisions of the St. Petersburg Charter. I agree that this officer's reinstatement should be affirmed.