Henry A. TAYLOR, Plaintiff,

v.

Richard SIMMONS, Individually and as City Manager of West Palm Beach, Florida, a Municipal Corporation, et al., Defendants.

No. WPB–75–216–Civ–CF.

United States District Court,
S. D. Florida.

Dec. 18, 1975.

William M. Holland, West Palm Beach, Fla., for plaintiff.

Lake Lytal, Jr., James L. Watt, City Atty., West Palm Beach, Fla., for Simmons and City of West Palm Beach.

Grover C. Herring, West Palm Beach, Fla., for Civil Service Bd.

## MEMORANDUM OPINION

FULTON, Chief Judge.

The plaintiff has filed this lawsuit seeking declaratory relief, reinstatement in his job as building inspector, and back pay for certain alleged violations of his civil rights by the defendants.

## BACKGROUND

The plaintiff in this case was employed as a building inspector in the Building and Zoning Department of the City of West Palm Beach, and had been so employed since December of 1967. On April 29, 1975, at approximately 10:00 a. m., the defendant City Manager handed the plaintiff Disciplinary Action Form PE IV, which informed him that he was discharged as of noon that date for violations of certain Civil Service Rules involving the acceptance of gifts or other valuable things.

The plaintiff appealed his discharge, and a hearing before the Civil Service Board of the City of West Palm Beach was scheduled for May 20, 1975. That hearing was continued at the request of the plaintiff until June 5, 1975. The hearing included four days of testimony and an additional day for argument. During that hearing, the evidence revealed that the plaintiff, through a friend, had accepted a fifty dollar contribution in support of his campaign for election as Riviera Beach City Councilman from a construction company. The evidence further demonstrated that the plaintiff received discounted rates at a motel while inspecting the construction of a restaurant on the motel property. The plaintiff admits both the acceptance of the fifty dollar campaign contribution and the discounted motel rate. On June 26, 1975, the Civil Service Board entered its order sustaining the dismissal of the plaintiff.

The plaintiff claims that the Civil Service rules in question are unconstitutional in that they are vague and overbroad, that he was discriminated against because of his race, that he was deprived of certain due process rights since he was discharged without a prior hearing and since he did not receive notice of his discharge prior to the effective date thereof, and that the notice he did receive was indefinite.

Along with the complaint, the plaintiff filed a "motion for temporary relief." The Court then entered an Order scheduling a hearing on the motion for temporary relief for October 31, 1975. At that hearing, counsel for all parties stipulated and agreed that the October 31 hearing would constitute the final hearing in this cause, and that judgment would thereafter be rendered on the merits of the case.

At the hearing on October 31, the plaintiff voluntarily withdrew his complaint as to the City of West Palm Beach.

In addition, the plaintiff abandoned his claims for compensatory and punitive damages, and now seeks declaratory relief, reinstatement and back pay together with costs and attorneys' fees.

## THE REGULATIONS

The plaintiff claims that Civil Service Rules and Regulations XII 3(a), 3(b)(3), 3(b)(4) and 3(b)(13) are so vague and overbroad as to be constitutionally impermissable.

The pertinent portions of the Civil Service Rules and Regulations read as follows:

Regulation XII

3(a) Any appointing officer may remove a subordinate employee . . . at any time for any cause which will promote the efficiency of the Service.

3(b) The following acts of employees shall be deemed sufficient cause for removal:

3(b)(3) Has been guilty of conduct unbecoming an employee of the City.

3(b)(4) Has violated any lawful and reasonable regulation or order.

3(b)(13) Has taken any fee, gift or other valuable thing in the course of his work or in connection therewith.

It is well-settled that a law which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning violates due process of law. *Cramp v. Board of Public Instruction*, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961); *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). The test to be applied is whether the language conveys sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices. *Jordan v. DeGeorge*, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1961) citing *Connally v. General Construction Company, supra*. In order to be constitutionally sound against a charge of vagueness, the law must give fair notice that certain conduct is proscribed. *Rabe v. Washington*, 405 U.S. 313, 92 S.Ct. 993, 31 L.Ed.2d 258 (1972).

In *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), a Civil Service employee was discharged without pay prior to hearing under 5 U.S.C. § 7501(a) which authorizes removal "for 'such cause as will promote the efficiency of the service.'" The Court declined to find the statute unconstitutionally vague, and cited with approval *Meehan v. Macy*, 129 U.S.App.D.C. 217, 392 F.2d 822, 835 (1968), modified 138 U.S.App.D.C. 38, 425 F.2d 469, aff'd en banc, 138 U.S.App.D.C. 41, 425 F.2d 472 (1969):

"[I]t is not feasible or necessary for the Government to spell out in detail all that conduct which will result in retaliation. The most conscientious of codes that define prohibited conduct of employees include 'catchall" clauses prohibiting employee 'misconduct,' 'immorality,' or 'conduct unbecoming.'" (emphasis supplied; see Rule 3(b)(3). *Arnett v. Kennedy*, 416 U.S. 134, pp. 161–162, 94 S.Ct. 1633, p. 1648, 40 L.Ed.2d 15 (1974)

The *Arnett* Court also quoted from *CSC v. Letter Carriers*, 413 U.S. 548, 578, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973) to the effect that

[T]here are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest. *Arnett v. Kennedy*, 416 U.S. 134, p. 159, 94 S.Ct. 1633, p. 1647, 40 L.Ed.2d 15 (1974).

The civil service regulations in question here meet the test of being set forth in terms clear enough so that an ordinary person exercising ordinary common sense can understand and com-

ply with them. Indeed, the phrase "at any time for any cause which will promote the efficiency of the service" has been specifically held constitutional in *Arnett v. Kennedy, supra*. Likewise, the phrase "conduct unbecoming," used in Regulation XII 3(b)(3), has been held to be constitutionally sound against a charge of vagueness and overbreadth. *CSC v. Letter Carriers*, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973).

Regulation XII 3(b)(13) forbids the taking of any "fee, gift or other valuable thing in the course of . . . work or in connection therewith." This phraseology is certainly clear and is explicit enough to inform of the proscribed conduct when measured by common understanding and practices. *Jordan v. De-George*, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1961); *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Accordingly, the Court finds and concludes that Civil Service Rules and Regulations XII 3(a), 3(b)(3), 3(b)(4), and 3(b)(13) are not unconstitutionally vague and overbroad and that said regulations in all respects satisfy the requirement that the language of a law convey a sufficiently definite warning when measured by common understanding and practices. *Jordan v. DeGeorge, supra, Connally v. General Construction Company, supra*.

## DISCRIMINATION

The plaintiff, a black man, claims further that he has been discriminated against by the defendants, in that they have enforced the civil service rules and regulations against the plaintiff while failing to enforce those rules against other, nonblack employees.

The evidence presented at the trial failed to disclose any satisfactory proof of discrimination against the plaintiff by reason of race or otherwise. There was some evidence to the effect that some city employees have received token gifts at Christmas and discounts at certain establishments throughout the year. For example, policemen and firemen receive a 10% discount on cleaning their uniforms at some dry-cleaning stores. The recipients of this type of consideration, however, were not in a position to help the gift-giver.

Although the Court does not place its imprimatur upon gifts received by the city employees at Christmas time, or year round discounts, the Court notes that there is in principle a vast difference between that type of practice and what the plaintiff has admitted. The plaintiff acknowledged that he accepted the discount and political gift from those over whom he had the right of inspection and regulation. By his own admission, then, the plaintiff was clearly in a conflict of interest situation. This position certainly justified his dismissal by the City under the City civil service rules and under time-honored principles of law.

In addition, the evidence before this Court demonstrated that other City employees had been dismissed for receiving gifts in conflict of interest situations. Accordingly, the Court finds and concludes that the defendants in no way discriminated against the plaintiff, by reason of race or otherwise.

## THE NOTICE OF DISMIS-SAL AND HEARING

The plaintiff claims further that his due process rights were violated by his dismissal prior to a hearing upon notice too short in time and too indefinite.

The termination of the plaintiff's employment prior to a hearing did not violate the plaintiff's right to due process of law. In *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), a nonprobationary civil service employee was discharged prior to a hearing under the Lloyd-LaFollette Act (5 U.S.C. § 7501) for making defamatory statements about another employee. The Supreme Court held that the interest involved is not offended by the dismissal from employment itself, but by dismissal based upon an unsupported charge which

could wrongfully injure the reputation of an employee. Since the purpose of a hearing in such a case is to afford the person an opportunity to clear his name, held the *Arnett* Court, a hearing afforded by administrative appeal procedures after the actual dismissal is a sufficient compliance with due process requirements.

In the instant case, plaintiff's hearing was held within five weeks of the discharge, after a continuance requested by the plaintiff. The hearing lasted over a period of four days, during which time testimony was taken by both sides, the civil service board resolving the issue of plaintiff's dismissal in the defendants' favor. The plaintiff has not challenged the sufficiency of the evidence before the board, and indeed admits the acceptance of a fifty dollar campaign contribution and discounted motel rates from those whom he was in a position to help by virtue of his employment. Accordingly, the Court finds that the post-dismissal evidentiary hearing comported with due process standards.

■ The plaintiff also contends that his due process rights were violated because the defendants failed to follow Regulation XII 3(a) in that the plaintiff received his notice of dismissal on the effective date thereof, rather than prior thereto. Regulation XII 3(a) provides in full as follows:

Any Appointing Officer may remove a subordinate employee under his jurisdiction in the Classified Service at any time for any cause which will promote the efficiency of the Service. Before the effective date of any such removal the Appointing Officer shall give the affected employee and the Director of Personnel a written state-

ment of the reasons for such removal. The Director of Personnel may thereupon investigate such removal in order to be appraised of the factors causing such removals and to aid in the elimination of such factors.

The plaintiff's claim that his due process rights were violated by the defendants' failure to provide him with notice prior to the effective date of dismissal is without merit, inasmuch as he received a lengthy evidentiary hearing after being fully and specifically informed of the charges by his superiors.

■ Likewise, the plaintiff's claim that the initial notice was not specific must fail. The notice quoted the regulations allegedly violated by the plaintiff. The Court has previously held herein that those regulations are clear and specific enough to comport with constitutional standards. In addition, on the date of dismissal, the City Manager, by the plaintiff's own admission, discussed the campaign contribution and the acceptance of commercial rates at the motel. It is clear that the plaintiff received notice prior to his dismissal which in all respects was clear and specific enough to satisfy Constitutional demands.

## CONCLUSION

Pursuant to the foregoing discussion, the Court finds in favor of the defendants and against the plaintiff as to all claims contained in the complaint. Counsel for the defendants shall prepare and submit a final judgment form in conformity with the findings and conclusions set forth in this memorandum opinion. Costs shall be taxed in favor of the defendants and against the plaintiff. There shall be no award of attorneys' fees.