DOWNEY, Chief Judge.
Pursuant to Rule 9.030(b)(2)(B), Fla.R. App.P., the City of Fort Lauderdale and Richard E. Anderson have filed a petition for writ of certiorari seeking review of a final order of the Circuit Court of Broward County granting certiorari and directing reinstatement of respondent with payment of all back pay since the date of his discharge by the petitioners.
Respondent was hired as a participant under the Comprehensive Employment and Training Act of 1973 (CETA), 29 U.S.C. § 801, et seq. by the City of Fort Lauder-dale on February 14, 1975, to be a Community Service Police Aide for the City of Fort Lauderdale Police Department. At the time of employment respondent was advised that the term of his employment was for approximately one year which coincided with the CETA funding period. However, apparently by mistake the Personnel Director sent respondent a form letter welcoming respondent to City employment and advising him that at the end of a year he would become a regular city employee.
To implement the Comprehensive Employment and Training Act the Department of Labor promulgated certain rules and regulations which in pertinent part required that each prime sponsor (the City here) shall establish a procedure for resolving any issue arising between it and a participant (respondent here) under the act. The procedure envisioned required certain steps to be taken before a participant could be discharged.[1]
On October 25, 1976, the City Manager wrote respondent notifying him that his employment was terminated due to incompetency and inefficiency in the performance of his duties. At that time the City had not promulgated any discharge procedures as required by Section 98.26 of Department of Labor Rules and Regulations. After respondent’s counsel demanded a hearing concerning respondent’s discharge, the City Personnel Director on March 2, 1977, notified all City Department Heads of termination procedures to be followed in terminating CETA participants. On March 22,1977, the City Personnel Director notified respondent as follows:
“In accordance with Section 98-26 of the Federal Register and per your attorney’s request, an informal hearing has been scheduled for Friday, March 25, 1977, at 10:00 a. m. in the Civil Service Conference Room, 8th floor, City Hall, regarding your recent termination from employment with the City of Fort Lauderdale. Those in attendance at the hearing will be the City’s Personnel Director (and/or his representative), the Affirmative Action Officer, and your former supervisor. “Please be advised of your rights to bring any witnesses (and/or documents) to speak on your behalf.
*718 “If further information is required concerning your scheduled informal hearing, kindly contact me at the above stated address.”
Thereafter a full scale hearing was held which respondent attended and participated in through counsel. The City’s Affirmative Action Officer notified the City Manager of the hearing and furnished a resumé of what took place and advised the City Manager that the recommendation was that respondent’s termination be upheld. The City Manager in due course notified respondent that his dismissal was confirmed.
Respondent then filed a petition for writ of certiorari in the Circuit Court as a result of which that court found respondent had been denied procedural due process because 1) no procedure had been set up by the City for handling termination of CETA employees as required by the Rules and Regulations Department of Labor and 2) the termination of respondent from employment deprived respondent of a property interest without sufficient notice as to what actions respondent took that constituted incompetency or inefficiency in the performance of duties and failed to provide respondent an opportunity to respond prior to his termination.
It is our conclusion from reviewing the record presented here that, while the City failed to set up the required termination procedures before respondent was terminated, the City did, at respondent’s urging, set up such procedure and did furnish respondent adequate notice and a hearing to determine whether his termination was justified. Unquestionably, the termination hearing is more properly held before a person’s employment is terminated. However, procedural due process requirements are met, where, as here, after the fact adequate notice is given and a full-blown hearing is held. If the evidence adduced does not justify the employee’s termination then he is entitled to reinstatement and to payment of accrued compensation. However, if the evidence supports a finding that the employee should be terminated and the termination order is reaffirmed, the employee has received everything to which he is entitled. The mere fact that the notice and hearing are held after the fact does not itself constitute a denial of procedural due process. Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Taylor v. Simmons, 406 F.Supp. 1019 (S.D.Fla.1975).
In Purdy v. Cole, 317 So.2d 820 (Fla. 3rd DCA 1975), the employee Cole was discharged and no hearing was provided because the County Director of Public Safety felt Cole was not entitled to a hearing as a probationary police officer, pursuant to the Metropolitan Dade County Personnel Rules. The trial court found that Cole was discharged for constitutionally protected conduct and thus ordered him reinstated. On appeal the District Court of Appeal found that some of the charges involved constitutionally protected conduct and thus, regardless of the Personnel Rules, a hearing was required. The court also found that some of the charges were admitted by Cole and thus as to them the Director was entitled to terminate him without a hearing. However, because some of the charges in effect charged Cole with dishonesty or immorality damaging his standing in the community and some were based on constitutionally protected activity, he was entitled to a hearing. Thus, the District Court reversed the order in part and remanded the cause with directions to afford Cole an administrative hearing:
“[I]n order to clear his name after which it shall be left to the Public Safety Department to reinstate Cole or to affirm the discharge as of the original date of discharge.”
We agree with the resolution of that case as it appears to us the aggrieved employee was afforded procedural due process even though the hearing was held after he was discharged.
Accordingly, the petition for writ of cer-tiorari is granted and the order under review is quashed and the Circuit Court is directed to reinstate the order of the Peti *719 tioner City of Fort Lauderdale terminating respondent’s employment.
CROSS and DAUKSCH, JJ., concur.

. “§ 98.26 Procedures for resolving issues between grantees and complainants.
“(a) Each prime sponsor or eligible applicant shall establish a procedure for resolving any issue arising between it including any subgran-tee or subcontractor of the prime sponsor) [sic] and a participant under any Title of the Act. Such procedures shall include an opportunity for an informal hearing, and a prompt determination of any issue which has not been resolved. When the prime sponsor or eligible applicant takes an adverse action against a participant, such procedures shall also include a written notice setting forth the grounds for the adverse action and give the participant an opportunity to respond.
“(b) Each prime sponsor or eligible applicant shall establish informal review procedures including an opportunity for an informal hearing to deal with issues arising between it and any of its sub-grantees or contractors.
“(c) Each prime sponsor or eligible applicant should establish informal review procedures such as informal hearings or some other process, to deal with issues arising between it and any aggrieved party.
“(d) Final determinations made as a result of the review process shall be provided to the complainant in writing. Such notice shall include the procedures by which the complainant may appeal the final determination, set forth in Sub-part C of this Part. No individual or organization subject to the issue resolution requirements of this section may initiate the hearing procedures of sub-part C of this Part until all remedies under this section have been exhausted.”