373 So.2d 83 (1979)
Dorsey WEST, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS, MONROE COUNTY, Florida, Appellee.
No. 78-2060.
District Court of Appeal of Florida, Third District.
July 24, 1979.
*85 John J. Quinn, Roger McClelland, Key West, for appellant.
Richard G. Payne, Key West, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The appellant, Dorsey West, a career employee of Monroe County, was discharged in a manner which the lower court found, and the county concedes, was in violation of both the requirements of procedural due process and its own duly adopted Personnel regulations. Nevertheless, the trial judge held that West was not entitled to reinstatement and back pay and that the county was required only prospectively to proceed to discharge him in accordance with the constitution and the civil service rules in question. West appeals from the latter conclusion. We hold that the admitted fact that he has never been lawfully deprived of employment requires the conclusion that he must be returned to the status he occupied before he was improperly discharged; accordingly, we reversed that aspect of the judgment below.
The record shows that after four years of civil service employment and after an oral "termination" which occurred at a County Commission meeting on September 6, 1977, West was formally "discharged" by a letter from the director of his department dated the next day, September 7, 1977. The letter stated that the reason for the discharge, which was to be effective September 30, 1977, was "for cause in that you have failed to perform the duties required of you and to report time." It is undisputed that the letter's contents did not constitute the "specific reason for discharge" required under § 10.07 of the duly adopted Personnel Policies of Monroe County, Florida, which provides:
"10.07 DISCHARGE

A discharged employee shall be notified by his supervisor at the time of discharge of the specific reason for discharge. Such notification shall be given to the employee in writing by certified or registered mail within three workdays of the date of discharge."
West sought review of his dismissal in the county's career service council, as provided by the applicable rules. Among other things, he correctly claimed before the council that proper notice of the charges against him, if any, had not been given. When the council rejected that argument at the commencement of the hearing, West and his attorney walked out of the proceedings. The council thereupon proceeded, in his absence, to try and convict West and to rule that he had indeed been dismissed for good cause. It is now agreed, however, that because there was no adequate notice of the charges against him[1] the subsequent hearing on those "charges" was itself not the fair "opportunity to be heard" to which West was constitutionally and statutorily entitled.[2]
After receipt of the council's determination against him, West filed the present action for declaratory and injunctive relief in the Monroe County Circuit Court. The complaint sought a declaration that he had not been validly discharged and *86 an order requiring the county to reinstate him with back pay. The trial court granted the former relief requested and denied the latter. The final order below provided:
"1. The Board of County Commissioners' letter dated September 7, 1977 is defective in that it does not delineate the specific reasons for discharge.
2. The above is based on the case of State ex rel Hawkins v. McCall, 158 Fla. 655, 29 So.2d 739 which requires that the discharged employee, `... must be furnished with a written statement of the jurisdictional grounds upon which he is sought to be discharged, and before trial, must be furnished with a statement of the jurisdictional facts upon which the jurisdictional grounds are based which, taken together, constitutes the charges on which he is to be tried.' In that case, the Court went on to say that, `... the allegation of fact must be sufficiently specific and clear to appraise the accused officer to the extent that he may have a fair opportunity to meet and disprove or to explain the act complained of.'
3. And for the further reason that Defendant gave Plaintiff no notice of pending application for discharge which application was approved and granted by Defendant on September 6, 1977 at a hearing of which Plaintiff had no formal notice of the hearing or the purported grounds of discharge.
THEREFORE, It is
ORDERED AND ADJUDGED that Defendant's Motion for Final Summary Judgment is hereby denied.
ORDERED AND ADJUDGED that Plaintiff's Motion for Final Summary Judgment is partially granted in that:
1. Defendant is hereby ordered to comply with Monroe County Employment Policies and Procedures Section 10.07.
2. Defendant is hereby ordered to prepare a new letter of discharge stating the specific reasons for Plaintiff's discharge.
3. Defendant is not required at this time to reinstate Plaintiff to his position.
4. Defendant is not required at this time to make any payments of back pay to Plaintiff.
5. Defendant is to afford plaintiff an opportunity to appeal their decision to the Career Service Council.
6. Defendant shall have 30 days with which to comply with this Order."
West appealed to this court, raising, of course, only the claim that the remedy ordered by the court  that is, in requiring the county only to start again and "do it right this time"  was inappropriate and that reinstatement with back pay was required.[3] We concur with this contention.
A long line of Florida cases  with which the determination below is in clear conflict  has held that a writ of mandamus will issue to compel the reinstatement with back pay of an improperly discharged or demoted governmental employee. E.g., Arnold v. State ex rel. Mallison, 147 Fla. 324, 2 So.2d 874 (1941); Noel v. State ex rel. Siers, 125 Fla. 344, 170 So. 114 (1936); Roark v. State ex rel. McDaniel, 122 Fla. 843, 164 So. 901 (1936); Roark v. State ex rel. Waters, 107 Fla. 659, 145 So. 867 (1933); see State ex rel. Hawkins v. McCall, 158 Fla. 655, 29 So.2d 739 (1947).[4] The federal cases likewise hold that in the ordinary situation, the appropriate remedies for the discharge of a public employee in violation of the requirements of due process include restoration of any accrued compensation which resulted from the firing. Roane v. Callisburg Independent School District, 511 F.2d 633 (5th Cir.1975); Ferguson v. Thomas, 430 F.2d 852 (5th Cir.1970). This rule finds its basis in the strictly logical proposition *87 that an unlawful discharge, such as admittedly occurred here, may not be accorded any effect and must be regarded as no discharge at all. Thus, in legal contemplation, the employee is required to be regarded and treated as if he had been continuously employed from the date of his supposed "discharge" to that of his court-ordered reinstatement. Any other conclusion, such as the one reached below, would amount to ascribing legal effect to an illegal act  a result to which a court plainly may not be a party.
In arguing for the contrary conclusion, the county cites the cases of Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) and City of Fort Lauderdale v. Campbell, 362 So.2d 716 (Fla. 4th DCA 1978), which indeed hold that a governmental agency may provide the "fair hearing" to which a fired employee is entitled after, rather than before the discharge.[5] From this it is contended that if West were now to receive that hearing, he would be afforded everything required by the constitution. We do not agree. The primary flaw in the county's argument is that it overlooks the fact that in both Arnett and Campbell, a fair termination hearing had in fact been afforded by the employer a short time after discharge and of course prior to the filing of the legal action. In this case, West had not been granted a constitutionally acceptable hearing at the time of the judgment below, which was entered on September 28, 1978, almost a year to the day after his "discharge." Indeed, one has not been afforded to this day, almost two years thereafter. Every formulation of the constitutional entitlement to a fair hearing includes the requirement that the hearing be held "at a meaningful time ..." Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965). More specifically, it is implicit in the Arnett holding that, to be truly meaningful, the hearing in a dismissal from employment case must be held within a reasonable time after discharge. See 416 U.S. at 157-158, 94 S.Ct. 1645-1646, 40 L.Ed.2d at 15 (three month delay constitutionally permissible); Young v. Hutchins, 383 F. Supp. 1167 (M.D.Fla. 1974), aff'd in part, rev'd on other grounds in part, sub nom. Thurston v. Dekle, 531 F.2d 1264 (5th Cir.1976), vacated and remanded on other grounds, 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978), opinion on remand, 578 F.2d 1167 (5th Cir.1978).[6] Otherwise, as has occurred in this very case, the employee may be permitted to sit in limbo ad infinitum awaiting a valid determination as to whether he has a job or not. The judgment below, therefore, which in effect required a hearing not sooner than 14 months after discharge  plainly not "at a meaningful time" or within a reasonable period thereafter  did not afford West his constitutional rights.[7] Under these circumstances, only reinstatement with back pay would serve that high purpose.[8]
*88 Our holding to this effect is supported by Young v. Hutchins, supra, and Davis v. Nuss, 432 F. Supp. 44 (S.D.Tex. 1977). In each of those cases, the court ordered back pay for discharged employees for the respective periods during which they had not been granted constitutionally guaranteed rights to notice or to hearing. Since, in this case, West has never been granted those rights, he is entitled to reinstatement and compensation until he is.
Finally, we point out that to permit the County only now to grant West the rights to which he was entitled all along would, in effect, reward, or at least not punish it for violations which have caused serious detriment to its employee. Such a result is unacceptable. To mix not only metaphors, but disciplines: for each wrong, there should be an equal and opposite remedy. The judgment below does not, but our conclusion does satisfy the requirements of this maxim.
For these reasons, the ruling below that West was erroneously discharged is affirmed, the judgment under review is otherwise reversed, and the cause is remanded with directions to issue a mandatory injunction requiring the county forthwith to reinstate West with accrued back pay and emoluments.
Affirmed in part, reversed in part and remanded.
NOTES
[1] Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1973); Young v. Hutchins, 383 F. Supp. 1167, 1177 (M.D.Fla. 1974), aff'd in part, rev'd on other grounds in part, sub nom. Thurston v. Dekle, 531 F.2d 1264 (5th Cir.1976), vacated and remanded on other grounds, 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978), opinion on remand, 578 F.2d 1167 (5th Cir.1978).
[2] Ibid. City of Daytona Beach v. Layne, 91 So.2d 814 (Fla. 1957); State ex rel. Hawkins v. McCall, 158 Fla. 655, 29 So.2d 739 (1947).
[3] The county filed a cross-appeal which claimed that West was bound by the council's finding that he had been discharged for cause. At oral argument, the cross-appeal was abandoned; the appellee admitted that, since the hearing before the council had not been fairly or validly conducted, its results could not be binding.
[4] Although the county had not raised the issue, we observe that the form of the action chosen by the plaintiff, that is, mandatory injunction rather than mandamus, should not affect the nature of the relief to which he is entitled.
[5] This is generally the scheme adopted in the Monroe County regulations. Because it is admitted that these procedures were not followed in this case and that the appellant was denied due process as a result, we do not now consider whether the regulations themselves pass constitutional muster as to the issue, among others, of the sufficiency of the pretermination rights, if any, granted to the employee. But see Young v. Hutchins, 383 F. Supp. 1167 (M.D.Fla. 1974), aff'd in part, rev'd in part on other grounds, sub nom. Thurston v. Dekle, 531 F.2d 1264 (5th Cir.1976), at 1272-1273; vacated and remanded on other grounds, 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978), opinion on remand, 578 F.2d 1167 (5th Cir.1978).
[6] See also Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 569-570 (1971); Young v. Hutchins, supra, 383 F. Supp. at 1179, n. 18.
[7] Again we point out that the regulations themselves do provide for a post-discharge hearing. In this case, while that hearing may have been timely, see n. 5, supra, it was certainly not fair, and was thus not efficacious in any meaningful way. See nn. 1-2, supra.
[8] Purdy v. Cole, 317 So.2d 820 (Fla. 3d DCA 1975) is not contrary to this conclusion. There, this court held that reinstatement was not required, notwithstanding the failure to hold a hearing to which the employee was deemed entitled, only because the record contained an admission by the employee of misconduct which justified his firing. See also Young v. Hutchins, supra, 383 F. Supp. at 1178. In this case, of course, West has denied any act of wrong-doing and there has been no acceptable finding of fact that he has committed one.