VERNIE E. SHELBY v. CITY OF PENSACOLA.

151 So. 53.
Opinion Filed November 2, 1933.

*John M. Coe,* for Plaintiff in Error;
*Ernest E. Mason,* for Defendant in Error.

DAVIS, C. J.—Section 90 of Chapter 15425, Special Acts of 1931, Laws of Florida, is in part as follows:

*"Present Employees Retained.*—The chief of police, chief of fire department and all officers and employees subordinate thereto who held such office or employment on April 1, 1931, and the following officers and employees of the street and sewer department, to-wit: Superintendent of the street department, Foreman of sewer department, Foreman of street labor gang, Carpenter, Stableman, Watchman, four regular

laborers in the street repair gang, seven regular laborers in the sewer department, thirty-five regular laborers in the street gang, and all employees of the Water Department subordinate in rank to the Superintendent thereof, who held such office of employment on April 1, 1931, are hereby declared to be members of the Civil Service of the City of Pensacola and are subject to the rules and regulations of the Board of Civil Service but shall not be required to stand any examination, physical and/or mental, except for the purpose of promotion.

"B. The Board of Civil Service commissioners are hereby required to keep a separate register of all of the names of all the officers, employees and persons set forth in this section and to set opposite each name, the respective rank or employment of said person upon April 1, 1931, and all of said persons are hereby confirmed in the said office, rank or employment which they occupied or held upon said date and shall not be demoted, suspended or discharged, except in accordance with paragraphs E and G of this section.

"C. The Chief of Police, Chief of the Fire division, and Superintendent of the Street and Sewer division and the Superintendent of the Water Department shall, within ten days after the first meeting of the Board of Civil Service Commissioners furnish the Board of Civil Service with a list of all employees provided in paragraph 'A' of this section, in their respective divisions on April 1, 1931, showing their rank, period of employment and compensation, and said persons' names and their respective rank shall be entered upon the Civil Service register as aforesaid, taking precedence by rank and those persons of same rank shall take precedence by seniority.

"D. That the salaries and compensation of the officers,

employees and members of the Civil Service of the City of Pensacola provided for in this section shall not be reduced below the salaries and compensation which they were receiving respectively on April 1, 1931. All persons who are members of the Civil Service and officers and employees of the various divisions by reason of the provisions of this section, shall hold their office or employment during good behavior, unless reduced, discharged or suspended in accordance with paragraphs E and G of this section and no office, rank or employment provided for in paragraph 5 of Section 25 or provided for in Section 90 of this Act shall be abolished during the term of any incumbent holding said office or employment by reason of Section 90 of this Act."

Vernie E. Shelby, the plaintiff in the court below, alleging himself to be an employee of the City of Pensacola engaged in the Water Department thereof, subordinate to the rank of superintendent on the 1st day of April, 1931, brought suit against the city to recover the amount of his salary at the rate of $95.00 per month, the amount of which had been fixed therefor on and prior to April 1, 1931. The object of this suit was to recover $70.00 as the alleged unpaid portion of back salary earned and $95.00 as the entirely unpaid salary of the plaintiff for the month of October, 1931, it being alleged that plaintiff had never been lawfully separated from the city's service.

From an order sustaining a demurrer to plaintiff's declaration and entering final judgment thereon for the defendant city, this writ of error has been taken.

Our conclusion is that the demurrer to the declaration was erroneously sustained. The only grounds of demurrer set up relate to the alleged unconstitutionality of so much of Chapter 15425, *supra,* as requires the city to pay plaintiff certain wages at the rate fixed by the statute to continue

from April 1, 1931, so long as the employee lawfully remained in the city's service under the terms of the statute. That the statute is not unconstitutional, though possibly unwise or unjustly discriminatory as a matter of legislative policy, seems obvious in view of the long line of cases in which this Court has held that the Legislature in enacting special municipal charters, has almost plenary power to provide for the appointment, compensation and tenure of office of the city's officers and employees. State *ex rel.* McMullen v. Johnson, 102 Fla. 19, 135 Sou. Rep. 816; State *ex rel.* Landis v. Armstrong, 103 Fla. 121, 137 Sou. Rep. 140; State *ex rel.* Landis v. Dyer, 109 Fla. 33, 148 Sou. Rep. 201; State *ex rel.* Lamar v. Dillon, 42 Fla. 95, 28 Sou. Rep. 781; State *ex rel.* Johnson v. Johns, 92 Fla. 187, 109 Sou. Rep. 228.

Under Chapter 15425, *supra,* the State, through its Legislature, has itself undertaken to directly fix the status of certain employees of the City of Pensacola as of April 1, 1931. By Section 90 of the new charter, certain specially designated employees of the pre-existing city administration, were provided to be retained in the city's employment under the new charter, to be considered as members of the city's civil service, subject to the rules and regulations of the city's Civil Service Board. Paragraph B of that section expressly "confirmed" all such employees in their several offices, ranks and employments as of April 1, 1931, while by Paragraph D it is expressly provided that "the salary and compensation" of same "shall not be reduced below the salaries and compensation which they were receiving respectively on April 1, 1931."

It is an established principle of constitutional law that these constitutional restraints imposed by the Federal Constitution against State action do not apply against the State

in favor of its own municipality, insofar as equal protection of the laws and due process of the law under the Fourteenth Amendment are concerned. See Trenton v. New Jersey, 262 U. S. 182, 43 Sup. Ct. Rep. 534, 67 L. Ed. 937.

As a protection of the liberty and property rights of persons against adverse legislative action on the part of the *States*, the clauses of the Fourteenth Amendment to the Constitution of the United States which declares that no *State* shall deprive any *person* of life, liberty or property without due process of law, nor deny any *person* within its jurisdiction the equal protection of the laws, have never been held applicable to municipal corporations on the theory that such public corporations are *"persons"* within the purview of the language of the Fourteenth Amendment.

Indeed in only two cases has the contention ever been put forward in the United States Supreme Court that the equal protection clause of the Fourteenth Amendment to the United States Constitution was so applicable. Williams v. Eggleston, 170 U. S. 304 (1898), 18 Sup. Ct. Rep. 617, 42 L. Ed. 1047; Mason v. Missouri *ex rel.* McCaffery, 179 U. S. 328 (1900), 21 Sup. Ct. Rep. 125, 45 L. Ed. 214. And in each of these cases the contention was, as might have been expected, summarily denied because, had the Court ruled otherwise, the whole complex subject of the reasonableness of classifications for the purpose of creating municipal governments under charters granted by State Legislatures, would have become thereby a Federal question. And so it is that as between a municipal corporation and the author of its creation, the State Legislature, the due processes clauses of the same Federal constitutional provision has received a very limited application. See Atkin v. Kansas, 191 U. S. 207 (1903), 24 Sup. Ct. Rep. 124, 48 L. Ed.

148. Compare: Santa Clara County v. Southern Pac. Co., 118 U. S. 394, 6 Sup. Ct. Rep. 1132, 30 L. Ed. 118.

With the wisdom or policy of State statutes the courts have nothing to do. The mere fact that a law is absurd, whimsical, foolish or unworkable in practice affords no ground for judicial interference with legislative action unless such interference is predicated upon the affording of judicial protection to some personal or property right with which the challenged statute unconstitutionally interferes.

In this case the claim is that the statute violates the equal protection clause of the Federal Constitution, because Section 90 of Chapter 15425, Acts of 1931, preserves unimpaired their tenure of employment and their pre-existing scale of compensation to one specially favored class of office-holders to the exclusion of others of the same kind equally entitled as a matter of natural justice, but who are denied by the statute such special status and privileges.

But, as has been pointed out, there is nothing in either the State or Federal Constitutions to make a discrimination of this kind violative of the organic law, however unfair and unjust it may be as a matter of legislative policy. Hence there is no basis for disregarding the plain language of Section 90 of Chapter 15425, Special Acts of 1931, Laws of Florida, which evidences an obvious intent on the part of the Legislature to select and legislate for the special and peculiar benefit of that particular class of city officials and employees, the beginning of whose tenure of office antedated the 1931 charter's "new deal" for the City of Pensacola.

The judgment is reversed with directions to overrule the demurrer to the declaration and have such further proceedings as may be according to law.

Reversed and remanded.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.