0219

The HIBERNIAN SOCIETY, Respondent-Appellant, v. W. O. THOMAS, Jr., County Treasurer, County of Charleston, State of South Carolina, and Walter Momeier, Finance Officer for the City of Charleston, and the City Council of Charleston, Charleston, South Carolina, Appellants, of whom Walter Momeier, Finance Officer for the City of Charleston, and the City Council of Charleston, Charleston, South Carolina, are Appellants-Respondents.

Appeal of Walter MOMEIER.

(319 S. E. (2d) 339)

Court of Appeals

*Deputy Atty. Gen. Joe L. Allen, Jr.,* Columbia; and *Wade H. Logan, III,* Charleston, *for appellants.*

*Edward D. Buckley* of *Bailey & Buckley,* Charleston, *for respondent-appellant.*

*Robert N. Rosen,* Charleston, *for appellants-respondents.*

Heard March 20, 1984.

Decided July 16, 1984.

SHAW, Judge:

The respondent-appellant Hibernian Society (the Society) seeks a refund of 1979 and 1980 ad valorem taxes paid under protest to the appellant-respondent City of Charleston and the appellent County of Charleston. The question presented for our decision is whether certain real property owned by the Society qualifies under Section 12-37-220B(12) South Carolina Code of Laws, 1976, for exemption from taxation. The circuit court ruled the property is exempt, but failed to order that interest be paid on the refund from the City as provided by Section 12-47-230 of the South Carolina Code of Laws, 1976. We affirm the ruling on tax exemption and reverse the failure to award interest.

The Society was formed March 17, 1799, and incorporated by act of the General Assembly December 19, 1805. It is a nonprofit organization exempt from state and federal income taxes. The Society was then, as now, an organization of men with various social and charitable objectives. Initially, the Society was formed to aid in the assistance of immigrants from Ireland. Today, its principal charitable orientation is toward the granting of college scholarships to worthy students.

As a social organization, the Society's membership and invited guests, when accompanied by a member, meet on an informal basis to associate with each other and enjoy good fellowship. The Society owns a building known as the Hibernian Hall which is the meeting place and is the subject of this lawsuit. It is located on Meeting Street in Charleston and serves as a place not only for social gathering but also for the conducting of the Society's Meetings. The Hall contains a large meeting or ballroom, a library, a lounge, and a poolroom.

The Hall is open to its members 364 days out of each year. It is rented by members and non-members. None of these rentals is received by any individual member; rather, these funds, along with the annual membership dues, are used to maintain the building and to support the Society's charitable activities.

The Society is governed in a representative manner with officers being elected annually by the membership. Regular

monthly meetings and an annual meeting are held to conduct the Society's charitable and social activities. All of these meetings are held at the Hall as are the Society's various social functions.

The circuit court ruled that the requirements of Section 12-37-220B(12) South Carolina Code of Laws 1976, are met by the Society. The statute reads as follows:

B. In addition to the exemptions provided in subsection A the following classes of property shall be exempt from ad valorem taxation ·subject to the provisions of Section 12-3-145:

(12) The property of any fraternal society, corporation or association, when the property is used primarily for the holding of its meetings and the conduct of its business and no profit or benefit therefrom shall inure to the benefit of any private stockholders or individuals.

The circuit court is correct in holding that before the Hall can be classified as tax exempt, the Society must satisfy the following three conditions:

(1) That it is a fraternal organization.
(2) That the Hall is used primarily for the holding of the Society's meetings and the conduct of its business.
(3) That no profit or benefit from such business shall inure to the benefit of any individual member.

An action for the recovery of ad valorem taxes paid under protest is an action at law. *Elmwood Cemetery Association v. Wasson*, 253 S. C. 76, 169 S. E. (2d) 148 (1969); *Citadel Development Foundation v. City of Greenville*, 279 S. C. 443, 308 S. E. (2d) 797 (S. C. App. 1983). In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings. *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). As an appellate court, we have no power to weigh conflicting evidence in a law case. Only if there is no conflicting evidence to be weighed would the order of the circuit court be erroneous as a matter of law. *Mims v. Coleman*, 248 S. C. 235, 149 S. E. (2d) 623 (1966).

As a general rule, tax exemption statutes are strictly
■ construed against the taxpayer. This rule of strict con-
struction simply means that constitutional and stat-
utory language creating tax exemptions will not be strained
or liberally construed in the taxpayer's favor. *Southeastern
Kusan, Inc. v. S. C. Tax Commission,* 276 S. C. 487, 280 S. E.
(2d) 57 (1981); *Charleston County Aviation Authority v.
Wasson,* 277 S. Ct. 480, 289 S. E. (2d) 416 (1982).

This is a case of first impression in South Carolina as
■ this subsection of 12-37-220 has never before been the
subject of judicial interpretation. Thus, we have no
previous definition of a fraternal organization with which to
guide us. Some guidance is received from the fact that the
language of a tax exemption statute must be given its plain
and ordinary meaning. *Hollingsworth on Wheels, Inc. v.
Greenville County Treasurer,* 276 S. C. 314, 278 S. E. (2d) 340
(1981).

The court in *In Re Mason Tire & Rubber Co.,* 11 F. (2d) 556
(C.A.D.C. 1926), took the definitions from two dictionaries
and held that a fraternal organization in the popular accep-
tance of the term is "(a)ny society organized for the accom-
plishment of some worthy object through the efforts of its
members working together in brotherly union, especially if it
be organized not for selfish gain, but for the benefit of the
membership or for the benefit of the membership and men in
general." 11 F. (2d) at 557. In *First National Bank in Dallas v.
C.I.R.,* 45 F. (2d) 509 (5th Cir. 1930), the court stated fraternal
organizations may be described generally as social in their
nature, and designed not exclusively for charitable purposes
but also for the enjoyment of their members. From these two
definitions, it is clear that a fraternal organization can be
formed with a charitable purpose but not exclusively to that
end; the members thereof may benefit socially from their
organization.

Based on this definition, we hold that the Society is a
■ fraternal organization within the meaning of
12-37-220B(12). It was formed with the purpose, inter
alia, of engaging in charitable work which purpose presently
exists. The Society's members' enjoyment of each other's
companionship within the framework of their organization
should not, and does not, disqualify the Society as a "fraternal
society, corporation or association".

The next condition to be satisfied is that the Hall be used primarily for the holding of the Society's meetings and the conduct of its business. The word "primarily" means "of first importance" or "principally". *Malat v. Riddell,* 383 U.S. 569, 86 S. Ct. 1030, 16 L. Ed (2d) 102 (1966); *Brunswick Capitol Lanes v. S. C. Alcoholic Beverage Control Comm.,* 273 S. C. 782, 260 S. E. (2d) 452 (1979). As stated, the Hall is used to hold the Society's meetings and to conduct the business of being a fraternal organization. However, the Hall is also rented out to nonmembers and to members (who must also pay for this privilege) for their own personal, social use. This rental activity, though, is clearly secondary to the Hall's principal use as a meeting place for the conduct of the Society's business. The Hall is used 364 days a year for the fraternal and social purposes of the Society. In contrast, rentals of the Hall for nonmember functions are intermittent. Although the Society derives a significant income from these rentals, the money received from rentals is far less than the amount paid by the membership as dues.

The last requirement is that no profit or benefit from the Society's business can inure to the benefit of any individual member. Obviously, no member receives any direct financial benefit from belonging to the Society such as a salary or dividends. We recognize that "profit or benefit" may inure to an individual other than through the distribution of dividends. The City and County are arguing that having a place to socialize to the exclusion of the general public is sufficient "profit or benefit" to deny the exemption. We disagree.

There is bound to be some incidental, non-financial benefit resulting from membership in any type organization. In enacting this particular condition, the legislature intended, we believe, to stop the flow of any direct or indirect commercial benefits to the *individual members* of the Society, *see Harding Hospital v. U.S.,* 505 F. (2d) 1068 (6th Cir. 1974), as opposed to the benefits which inherently and customarily flow to the members of a fraternal organization as a *group.* Thus, the benefits resulting from membership in the fraternal organization which inure to the Society as a group, such as being able to purchase drinks in the lounge at cost and being able to rent the Hall at a lesser amount than non-members, do not violate

this requirement. Since the Society is not a business league and since the Society's members receive no free or reduced insurance benefits, no merchant's discounts or no other form of indirect commercial benefits, the no-profit condition has been met.

Finally, the Society requests interest be paid on the refund from the City. Section 12-47-230 requires a city or town, but not a county, to pay six per cent interest from the date of payment on the refund of taxes paid under protest. The circuit court failed to award any interest on the refund. That portion of the order is hereby reversed. We find that the statute requires six percent interest to be paid on the refund from the City in this situation.

The City argues that Section 12-47-230 is unconstitutional as a denial of equal protection of the law under Article 1, Section 3 of the South Carolina Constitution because the different treatment of cities and counties is arbitrary and not reasonably related to a valid legislative purpose. At first glance, this argument appears persuasive, but upon closer examination, it proves meritless.

The equal protection clause is not an independent limit on the action of the state. It only forbids legislative enactments which transgress the equal protection rights of "persons". The City argues it is a "person" within the purview of this clause. In this context, we disagree.

Municipal corporations are not independent entities. They are political subdivisions of the state. *Hill v. City of Greenville,* 223 S. C. 392, 76 S. E. (2d) 294 (1953); *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316 (1949); *Hunter v. Pittsburgh,* 207 U.S. 161, 28 S. Ct. 40, 52 L. Ed. 151 (1907). Equal protection functions to protect the citizen from the state. *Albright v. Board of Commissioners of Douglas County,* 108 Kan. 184, 194 P. 913 (1921). It does not protect the state, in the form of a political subdivision, from itself. *Id., Harris County v. Dowlearn,* 489 S. W. (2d) 140 (Tex. 1973); *Department of Labor and Industries v. Cook,* 44 Wash. (2d) 671, 269 P. (2d) 962 (1954); *Grigsby v. King,* 202 Cal. 299, 260 P. 789 (1927); *Camden County v. Pennsauken Sewerage Authority,* 15 N.J. 456, 105 A. (2d) 505 (1954). Numerous courts have held on this basis that a municipality lacks standing to challenge, on equal protection grounds, a statute enacted by the state of which the

municipality is a political subdivision. *E.g., Penny v. Bowden,* 199 So. (2d) 345 (La. App. 1967); *Shelby v. City of Pensacola,* 112 Fla. 584, 151 So. 53 (1933); *Springfield Sanitary District v. Environmental Protection Agency,* 48 Ill. App. (3d) 784, 6 Ill. Dec. 666, 363 N.E. (2d) 195 (1977); *V. C. Ellington Co. v. City of Macon,* 177 Ga. 541, 170 S. E. (2d) 813 (1933); *City of Providence v. Moulton,* 52 R.I. 236, 160 A. 75 (1932). Likewise, a governmental agency created and controlled by a state is not a "person" entitled, as against that state, to equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution. *Williams v. Mayor and City Council of Baltimore,* 289 U.S. 36, 53 S. Ct. 431, 77 L. Ed. 1015 (1933).

To support its argument that it is a "person" the City has directed our attention to *Township of River Vale v. Town of Orangetown,* 403 F. (2d) 684 (2nd Cir. 1968). Even assuming the continued viability of this case,[1] it is clearly distinguishable. The Township of River Vale was not challenging an action of its creator, the State of New York. River Vale, existing as an entity with rights and powers conferred by the State of New York, challenged an act of a state foreign to it which threatened those privileges. Unlike that case, the City of Charleston now challenges an act of its creator. As stated by *Williams v. Mayor and City Council of Baltimore, supra,* a "municipal corporation, created by a state for the better ordering of government, has no privileges or immunities . . . which it may invoke in opposition to the will of its creator". 289 U.S. at 40, 53 S. Ct. at 432, 77 L. Ed. at 1020.

Since there is no express authority in the state constitution allowing the City to challenge the validity of this state statute, the City is required to pay interest on the tax refund to the Society.

Affirmed in part, reversed in part.

SANDERS, C. J., and BELL, J., concur.

———

[1] *Aguayo v. Richardson,* 473 F. (2d) 1090 (2nd Cir. 1973), stated that a city is not a citizen entitled to privileges and immunities under Section 2 of Article IV or Section 1 of the Fourteenth Amendment.