23971

John D. DOWLING and Joab M. Dowling, Jr., as Personal Representatives of the Estate of Katharine D. Dowling, Respondents v. SOUTH CAROLINA TAX COMMISSION, Appellant, and John D. DOWLING and Joab M. Dowling, Jr., as Personal Representatives of the Estate of Joab M. Dowling, Sr., Respondents v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(439 S.E. (2d) 825)

Supreme Court

*Ray N. Stevens, Chief Deputy Atty. Gen.* and *Sarah G. Major, Asst. Atty. Gen.*, Columbia, *for appellant.*

*Joab M. Dowling, Jr.*, of *The Dowling Firm,* Beaufort, and *James B. Richardson, Jr.*, of *Svalina, Richardson & Smith,* Columbia, *for respondents.*

Heard Nov. 2, 1993.

Decided Dec. 20, 1993.

TOAL, Justice:

The South Carolina Tax Commission appeals the circuit court's valuation and characterization of certain transfers from the taxpayer ("Dowlings")[1] to their children. We affirm.

## FACTS

In 1986 and 1987, Mr. Joab Dowling, Sr., and his wife, Katherine Dowling ("Dowlings"), transferred two thousand shares of Sherwood, Inc. to their five children. The 1986 transfers were characterized as part gift and part satisfaction of a prior debt owed the children by the Dowlings. The 1987 transfer was a gift to the children of the remaining shares in Sherwood, Inc.

Sherwood, Inc. is a corporation consisting of one asset, Sherwood Plantation. Sherwood Plantation is a 1,527-acre tract of land located in Jasper County, South Carolina. Thus, in order to determine the value of the corporate stock, the trial judge was required to value Sherwood Plantation.

In 1986, Mr. Dowling received title to Sherwood Plantation from Mrs. James H. Booker, a long-time family friend. Mr. Dowling paid Mrs. Booker $200,000 for the property which was the estimated gift tax for which Mrs. Booker would be liable as a result of the transfer. The deed from Mrs. Booker to Mr. Dowling contained a prohibition against the sale, lease, or development of the property for ten years after Mrs. Booker's death. This restriction on alienation of the property contained an exception which allowed the transfer of the property to the Dowling children or a legal entity solely owned by the Dowlings or their children. At the time of the transfer, Mrs. Booker's life expectancy was 4.8 years. Thus, the estimated term of the transfer restriction was 14.8 years. The Dowlings contend that a willing buyer would pay less for the property because of this transfer restriction.

After receiving the property in 1986, the Dowlings formed Sherwood, Inc., a Sub-chapter S corporation. The Dowlings exchanged title to Sherwood Plantation for the 2,000 shares of

---

[1] Mrs. Dowling died prior to trial and Mr. Dowling died during the pendency of this appeal. The personal representatives of both estates are the respondents on appeal.

Sherwood, Inc. stock. The Dowlings then transferred all of the stock in Sherwood, Inc., in equal shares, to their five children in three separate transfers during the years 1986 and 1987.

The Dowlings filed both federal and state gift tax returns in 1986 and 1987 reporting the transactions. The Internal Revenue Service claimed the Dowlings undervalued the corporate stock and assessed deficiencies. The Internal Revenue Service notified the South Carolina Tax Commission of its action. The South Carolina Tax Commission then claimed gift tax deficiencies for these years. The Dowlings filed suit to determine the value of the gifts and whether the portion of the transfer characterized as satisfaction of prior debt was not a gift, as claimed by the South Carolina Tax Commission. The circuit court judge found the fair market value of Sherwood Plantation to be devalued by the transfer restriction in the deed. The trial judge also found the stock in Sherwood, Inc. to be less than the value of the underlying asset because each Dowling child received a minority interest in the corporation. Finally, the trial judge found that the 1986 transfer of 165 shares to each child was in satisfaction of a prior debt and not a gift. The South Carolina Tax Commission appeals.

## LAW/ANALYSIS

The South Carolina Tax Commission ("Tax Commission") claims that values placed on Sherwood, Inc. stock and its underlying asset, Sherwood Plantation, are not supported by the evidence. We note initially that "an action to recover taxes is an action at law." *Hibernian Society v. Thomas*, 282 S.C. 465, 319 S.E. (2d) 339 (Ct. App. 1984). In an action at law, tried without a jury, the findings of facts by the trial court judge will not be disturbed on appeal, unless found to be without evidence which reasonably supports the judge's findings. *Townes Associates, Ltd. v. City of Greenville*, 206 S.C. 81, 221 S.E. (2d) 773 (1976).

Both the Dowlings and the Tax Commission presented testimony and submitted appraisals valuing Sherwood Plantation. The Dowlings also presented testimony that transfer restriction in the deed reduced the amount a willing buyer would pay a willing seller for the property by thirty percent. After a review of the record, we find that the value placed on the Plantation by the trial court judge, includ-

ing the discount for the transfer restriction, is within the range of values presented by the evidence. *Strickland v. Strickland*, 297 S.C. 248, 376 S.C. (2d) 268 (1989) (no error in finding value within range of evidence presented).

The Tax Commission claims that the trial court judge erred in discounting the value of the corporate stock in Sherwood, Inc. because of the minority interest held by each child and the stock sale restrictions. In support of their position, the Tax Commission cited Rev. Rule 81-253, 1981 C.B. 197. The IRS position in Rev. Rule 81-253, 1981 C.B. 187 was that minority interests in corporations held by family members should not be discounted. The majority of courts have found that minority interest discounts are appropriate within the familial context. *See e.g. Estate of Bright v. United States*, 658 F. (2d) 999 (5th Cir. 1981); *Estate of Andrews v. Commissioner*, 79 T.c. 938, 1982 WL 11197 (1982); *Estate of Lee v. Commissioner*, 60 T.C. 860, 1978 WL 3312 (1978). Since the initial briefs, the IRS has reversed its position and re-voked Rev. Rule 81-253, 1981 C.B. 187. Rev. Rule 93-12, 1993-7 I.R.B. 13. The Tax Commission candidly brought Rev. Rule 93-12, 1993-7 I.R.B. 13 to the Court's attention prior to oral argument. At oral argument, however, the Tax Commission did not abandon its position that minority discounts should not be allowed in South Carolina when the aggregate of the family holdings creates a majority interest in the corporation.

South Carolina gift tax law is a matter of state law. *See generally Murray v. City of Charleston*, 96 U.S. 432, 24 L.Ed. 760 (1877) (state has power to levy taxes); *Weston v. City Council of Charleston*, 27 U.S. 449, 2 Pet. 449, 7 L.Ed. 481 (1829) (power to tax is one of most essential to the state); *Watson v. City of Orangeburg*, 229 S.C. 367, 98 S.E. (2d) 20 (1956) (state taxes can be assessed only under statutory authority and power is vested in state legislature). Our gift tax laws, however, are based upon the federal laws. *See* S.C. Code Ann. § 12-17-40 (Supp. 1992). We decline to hold that as a matter of state law, minority stock discount for family-held corporations are not allowed.

We have received the record to determine if there is substantial evidence to support the trial court judge's devaluing the stock for a minority interest. The Dowl-ings presented testimony that the fair market value of the

stock each child held was reduced by thirty percent because of the minority interest. Thus, we affirm the trial court judge.

The Tax Commission also claims that the 1986 transfer of 165 shares to each child in satisfaction of a prior debt was in fact a gift. A gift for gift tax purposes is the "irrevocable complete transfer, without adequate or full consideration, by a donor ... clearly and unmistakably intended to divest the donor of title, dominion and control over property subject to being transferred, to a donee." *Talge v. United States*, 229 F. Supp. 836, 848 (W.D. Mo. 1964). Thus, where the transfer is for full and adequate consideration, there is no gift for gift tax purposes.

Here, Mr. Dowling testified that he executed a promissory note to each of his children in the amount of $54,000 for the purchase of a piece of property formerly owned by the children. Mr. Dowling further testified that he paid interest every year to each child on the notes, and, that he assumed each child declared the interest on his or her tax returns. The Tax Commission produced no evidence otherwise. The trial judge found the stock to be valued at $311.10 per share in 1986. The total debt owed to the children was $270,000.00 and the total value of the stock transferred in satisfaction of the debt was $256,657.60. Thus, the transfer of the stock to the Dowling children in satisfaction of a prior debt was for full and adequate consideration. We affirm.

Next, the Tax Commission claims that the circuit court judge incorrectly found Mr. Dowling received a life estate in Sherwood Plantation from Mrs. Booker. The order reads as follows: "Because of the restrictions, Mr. Dowling, Sr. only received the use of this property for his life." At the time of the deed, Mr. Dowling had a life expectancy of 12.14 years and the transfer restriction in the deed continued for an estimated 14.8 years. Thus, the transfer restriction in the deed continued beyond Mr. Dowling's life expectancy.

We agree with the Tax Commission that Mr. Dowling did not receive a legal life estate in the property. Any error, however, was of no consequence. The circuit court judge determined the value of the property without reference to a life estate followed by a subsequent estate. The trial judge valued the entire legal estate and then allowed a discount for the property's lack of marketability as presented by the evidence.

Thus, any error in the wording of the order was harmless. We affirm.

Finally, the Tax Commission claims that the trial judge ■ ordered a refund which was beyond his jurisdiction. We disagree. The order states, "Plaintiff is hereby authorized to seek a refund under applicable South Carolina statutes as available." We read this phrase as merely allowing the Dowlings to pursue whatever legal means available for a refund without being barred by the present action.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.