THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE 
 CITED OR RELIED ON IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lynn Whitsett Corporation,       
Appellant,
 
 
 

v.

 
 
 
Norbord South Carolina, Inc., and Callidus Technologies, Inc., Defendants, 
 Of Which Callidus Technologies, Inc., is,       
Respondent.
 
 
 

Appeal From Laurens County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-338
Submitted March 8, 2004  Filed May 
 18, 2004

AFFIRMED

 
 
 
Joseph W. Hudgens, of Newberry, and Warner R. Wilson, Jr., 
 of Atlanta, for Appellant.  
Boyd B. Nicholson, Jr., of Greenville, for Respondents.
 
 
 

PER CURIAM:  Lynn Whitsett Corporation brought 
 this action against Norbord South Carolina, Inc. and Callidus Technologies, 
 Inc. for breach of contract, foreclosure of a mechanics lien, and quantum meruit.  
 Callidus counterclaimed for breach of contract and breach of warranties.  The 
 trial court found for Lynn Whitsett on its breach of contract claim, but concluded 
 Callidus was entitled to an offset for delays and recovery on its breach of 
 warranties claims.  The resulting net judgment was in favor of Callidus.  Lynn 
 Whitsett appeals.  We affirm. [1] 
 
FACTS
Norbord hired Callidus as its 
 general contractor to build a pressboard plant.  Callidus subcontracted with 
 Lynn Whitsett to install ceramic refractory materials to the walls of Norbords 
 kilns.  Lynn Whitsetts contract contained a fixed price for the installation 
 project.  However, in the event of a change in the scope of the work, the contract 
 converted to one based on time and materials.  It also stated Callidus would 
 provide a particular type of refractory material to be used in the installation.  
 Instead, Callidus supplied a slightly different product.  Lynn Whitsett applied 
 the ceramics using a gunning crew to spray them onto the kiln walls and a casting 
 crew to pour the material into prepared forms.  Delays arose when the refractory 
 material did not set up properly with the result that the entire application 
 process took fifteen weeks instead of the eight weeks stated in the contract.  

Lynn Whitsett claimed it was owed $84,472.20 under 
 the contract because the application required significant extra labor.  When 
 Callidus refused to pay, Lynn Whitsett brought this action.  Callidus filed 
 a bond to discharge the mechanics lien and agreed to indemnify Norbord for 
 any amounts due Lynn Whitsett.  
Lynn Whitsett amended its complaint to 
 argue the scope of its work had been increased because Callidus supplied a different 
 refractory material than had been proposed in the contract.  Lynn Whitsett claimed 
 this change converted the contract from one with a fixed price to one based 
 on time and materials.  Callidus counterclaimed alleging breach of express and 
 implied warranties based on faulty workmanship.  
The trial court agreed with Lynn Whitsett 
 that the contract was converted from a lump sum payment to one based on time 
 and materials with a balance due of $272,498.60.  However, the court determined 
 Lynn Whitsett was responsible for four weeks of delays and gave Callidus a substantial 
 setoff of $179,307.12.  The court also found Lynn Whitsett breached implied 
 and express warranties and set damages at $114,342.79, finally awarding judgment 
 for Callidus in the amount of $21,151.31.  Based on these findings, the court 
 concluded Callidus prevailed in the mechanics lien action and awarded attorneys 
 fees in the amount of $71,714.41.  
DISCUSSION
An action for breach of contract seeking 
 money damages is an action at law.  Sterling Dev. Co. v. Collins, 309 
 S.C. 237, 240, 421 S.E.2d 402, 404 (1992).  An action to foreclose a mechanics 
 lien is also an action at law.  Adams v. B & D, Inc., 297 S.C. 416, 
 420, 377 S.E.2d 315, 317 (1989).  In an action at law, on appeal of a case tried 
 without a jury, the findings of fact of the judge will not be disturbed upon 
 appeal unless found to be without evidence which reasonably supports those findings.  
 Townes Assocs. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 
 775 (1976).  
I.  Four-Week Delay
Lynn Whitsett contends 
 the trial court erred by granting Callidus a set-off after determining Lynn 
 Whitsett was responsible for a four-week delay in completing its work.  Lynn 
 Whitsett claims there is no evidence in the record to support the trial courts 
 conclusion, and maintains Callidus caused the delays by supplying substitute 
 refractory materials and by failing to properly prepare and install items prior 
 to the application of the ceramics.  We disagree.  
On appeal, this court cannot 
 weigh conflicting evidence in a law case.  Only if there is no conflicting evidence 
 may we find error as a matter of law.  Hibernian Socy v. Thomas, 282 
 S.C. 465, 469, 319 S.E.2d 339, 342 (Ct. App. 1984).  Although the record contains 
 evidence that Callidus may have been responsible for some delays, it also contains 
 evidence that Lynn Whitsett caused the four-week delay.  In a letter to Callidus 
 with the heading Subject:  Explanation for extra work invoice, beneath a subsection 
 marked Other problems that caused delays or additional work: a Lynn Whitsett 
 representative wrote: 

It was never Lynn Whitsetts intention 
 to cast the SCC in any other method but to pump them.  This was an oversight 
 on my part when I read the SK-1 sheet that you sent me before starting of 
 this job that stated that Kricon 28 would be used.  I assumed after other conversations 
 that I had with you and Elton, that pumping of the SCC was the only cost effective 
 way of installation.  This will require an additional four weeks of work 
 to do this in the manner that you want it, one bucket at a time.  Again, this 
 was not quoted that way.  

(Emphasis added.)
When questioned about the letter 
 during cross examination, the representative admitted his oversight caused the 
 delay.  Accordingly, we conclude there was evidence to support the trial courts 
 finding that Lynn Whitsett was responsible for four weeks of the delay and the 
 corresponding award of a set-off in favor of Callidus.  
II.  Calculating 
 the Set-off Amount
Lynn Whitsett further contends 
 the amount of the set-off is unsupported by the evidence.  We disagree.  
The evidence supporting a damages 
 award should be such that the court can determine the amount with reasonable 
 certainty or accuracy.  See Gray v. Southern Facilities, Inc., 256 S.C. 
 558, 570, 183 S.E.2d 438, 444 (1971).  However, proof to a mathematical certainty 
 of the amount of loss or damage is not required.  Whisenant v. James Island 
 Corp., 277 S.C. 10, 13, 281 S.E.2d 794, 796 (1981).  
In making the set-off award of 
 $179,307.12, the trial court relied on Lynn Whitsetts own exhibit detailing 
 three weeks of estimated labor costs for one of its crews.  The total cost came 
 to $138,938.16 or, by extrapolation, as much as $185,250.88 for four weeks.  
 Lynn Whitsett contends this reliance was misplaced because the exhibit details 
 costs for a gunning crew and not a casting crew of the sort used during the 
 four-week delay.  This distinction is insignificant.  Both crews were engaged 
 in the same tasks and employed nearly the same number of men, with a gunning 
 crew employing eight and a casting crew eight or nine.  As such, we find the 
 trial court properly considered Lynn Whitsetts exhibit as evidence in determining 
 the amount of the set-off.  
Additionally, we note Lynn Whitsett 
 estimated its total cost for the full 15 to 16 weeks at $670,112.60.  A four-week 
 delay would then equate to between $167,528.16 and $178,696.68.  Accordingly, 
 we find the evidence presented amply supports the set-off amount of $179,307.12.  

III.  Breach of 
 Express Warranty
Lynn Whitsett contends the trial 
 court erred by awarding Callidus damages on its counterclaim for breach of express 
 warranty.  It insists the contracts warranty provision applied exclusively 
 to goods purchased through the purchase order and did not cover the installation 
 of the ceramic refractory material.  We disagree.  
An express warranty is created when a seller makes 
 an affirmation or promise to the buyer which relates to the goods and becomes 
 part of the basis for the bargain that those goods will conform to the affirmation 
 or promise.  See S.C. Code Ann. § 36-2-102 (2003) (stating the UCC applies 
 to transactions in goods); see also Fields v. Melrose Ltd. Pship, 
 312 S.C. 102, 105, 439 S.E.2d 283, 284 (Ct. App. 1993) (A warranty is created 
 when the seller makes an affirmation with respect to the thing to be sold with 
 the intention that the buyer shall rely on it in making the purchase.) (citation 
 omitted).  
The contracts warranty provision defined 
 goods to mean the goods described in this Purchase Order or any amendment 
 hereto . . . and also include[d] any work or services performed under the 
 Contract by Supplier or any of its subcontractors in connection with or incidental 
 to Goods.  (emphasis added).  We read this language to extend the coverage 
 of the express warranty beyond the raw materials to include the installation 
 of the refractory material.  
An engineer testified the ceramic refractory 
 material installed by Lynn Whitsett should last at least one year if not two 
 or three.  One month after the kilns began operating, the refractory material 
 began to separate from the kiln walls.  Norbord immediately began testing to 
 determine the cause.  Within five months, enough refractory material had dislodged 
 that Lynn Whitsett, at Callidus request, returned to perform repairs.  However, 
 refractory material continued to come out of the kilns.  Callidus again asked 
 for repairs in January and May of 2001.  Lynn Whitsett refused, and another 
 company ultimately completed the work.  
Based on our reading of the warranty provision, 
 we find Lynn Whitsett expressly warranted any work or services performed under 
 the contract including the installation of the refractory material.  As such, 
 Lynn Whitsett breached its express warranty when it refused to correct defective 
 installation and make repairs on Norbords kilns in January and May of 2001. [2] 
IV.  Calculation of Damages
Lynn Whitsett also argues 
 that even if we determine it breached warranties to Callidus, there was no competent 
 evidence to support the amount of the damages award.  Lynn Whitsett contends 
 the repair invoices the court relied on to calculate damages were not properly 
 identified by either the service provider or the recipient payor.  As such, 
 Lynn Whitsett asserts they were inadmissible hearsay.  This issue is not preserved 
 for our review.  
 Callidus produced two invoices from Larkin Furnace, 
 the company that ultimately completed the kiln repairs, as evidence to support 
 its claim for damages arising from Lynn Whitsetts breach of express and implied 
 warranties.  Norbord paid the invoices, but was fully reimbursed by Callidus.  
 At trial, Dick Liniger, an engineer for Callidus, explained the invoices.  
When the invoices were offered into evidence, 
 Lynn Whitsett objected on the ground there was no causal link established between 
 the work it performed and the need for repairs.  After additional testimony 
 from Liniger, the court admitted the invoices into evidence.  Lynn Whitsett 
 did not object to the invoices as hearsay.  Neither was there an objection that 
 Liniger was not the appropriate person to testify to the content of the invoices 
 or the necessity of the repairs.  Lynn Whitsett raised this objection for the 
 first time in its motion to alter or amend.  Accordingly, this issue is not 
 preserved for our review.  Patterson v. Reid, 318 S.C. 183, 185, 456 
 S.E.2d 436, 437 (Ct. App. 1995) (holding a party cannot raise an issue by way 
 of a Rule 59(e) motion which may have been raised at trial).  
V.  Attorneys Fees
Finally, Lynn Whitsett contends that 
 but for the errors in the trial courts order, it would be the prevailing party 
 and, consequently, the attorneys fees award should be reversed in its favor.  
 We disagree.
Lynn Whitsetts argument is dependent 
 on a determination it prevailed on its remaining causes of action.  Under our 
 analysis, Callidus remains the prevailing party and is, therefore, entitled 
 to attorneys fees.  
AFFIRMED.
 HUFF and STILWELL, JJ., and CURETON, A.J., concur. 

 
 
 
 [1]           We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 
 [2]           Lynn Whitsett also appeals the trial courts conclusion 
 that it breached an implied warranty.  However, we need not address this issue 
 in light of our determination that Lynn Whitsett breached an express warranty 
 created by the contract.  See Rule 220(c), SCACR.